### Corbin *et al.* v. Pike.

Practice: TRANSFER OF CAUSE TO FEDERAL COURT. Without deciding that the allegation contained in a petition for the transfer of a cause to the circuit court of the United States, respecting the value of the property involved in the suit, is traversable by affidavits of the opposite party, it was *held*, under the facts of the present case, that the value of the land was shown to be more than $500 and a transfer ordered accordingly.

*Appeal from Hancock District Court.*

SATURDAY, DECEMBER 13.

ACTION in chancery to set aside a sale for taxes of certain lands in Hancock county. At a term of the court subsequent

to the commencement of this action, plaintiffs filed their petition, under oath, setting out that they were citizens and residents of the State of New York, and that the land involved in the suit was of the value of $500 and over, with other necessary and proper allegations for the purpose for which it was filed, and moved therein, that the cause be transferred to the United States circuit court. The defendant filed affidavits of sundry witnesses, tending to show that the value of the lands was less than $500, and the plaintiffs filed like proof that it exceeded that sum. Upon this showing the court refused to send the cause to the United States court. From this ruling plaintiffs appeal.

*Hartshorn & Flint* for the appellants.

*Bush & Bush* for the appellee.

BECK, Ch. J. — Without determining whether the allegation of the value of the land found in the petition of plaintiffs for a change of forum is traversable, a question which we do not consider or pass upon, we are of the opinion, conceding the position of defendant to be correct, that issue may be taken thereon, that the court erred in overruling the motion of plaintiffs upon the proofs offered. Four witnesses state, in separate affidavits, the value of the land to be less than $500. They state that they are acquainted with the land but give no description of it, and do not state or show that they know the value of lands of like character in the neighborhood or of the tract in controversy, or have any knowledge upon the subject of the value of lands generally in that vicinity. On the other hand, a witness for plaintiffs testifies that he is a land agent, is familiar with the land in dispute and the lands in the neighborhood; that the tract in question is partly inclosed and cultivated, and that he has sold land in the vicinity of no better quality for $7.50 per acre. The land in dispute, one hundred and sixty acres, would be worth, at this estimate, $1,200. The witness states his belief to be that it is worth

$1,600. We think the statement of facts of this witness, shown to be familiar with the character and value of the land, who also testifies to actual sales, outweighs the evidence of the four against him, who show no knowledge upon the subject and simply give an opinion based upon belief, without knowledge. The evidence of this witness is supported by the sworn statement of plaintiffs in their petition for a change of forum. Upon this proof we think the court was required to find the value of the land to be more than $500.

Reversed.